IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHRIS TALLEY, MARIE FRANZEN,
JESSICA LOADHOLTES, ROBERT
LOADHOLTES, MARK PREVITI, LEE
ANN MILLER, CORY SEALE, AND
DAMION HARRIS, individually and on
behalf of all others similarly situated

   *Plaintiffs*,

  v.

GENERAL MOTORS, LLC,

   *Defendant*.

No. 1:20-cv-01137-SB

---

Russell D. Paul, Amey J. Park, Abigail J. Gertner, BERGER MONTAGUE PC, Philadelphia, Pennsylvania; Tarek H. Zohdy, Cody R. Padgett, Steven R. Weinmann, CAPSTONE LAW APC, Los Angeles, California.

*Counsel for Plaintiffs.*

Oderah C. Nwaeze, FAEGRE DRINKER BIDDLE & REATH LLP, Philadelphia, Pennsylvania; Christine W. Chen, Crystal Nix-Hines, Shon Morgan, Meredith R. Mandell, QUINN EMANUEL URQUHART & SULLIVAN, LLP, Los Angeles, California.

*Counsel for Defendant.*

**MEMORANDUM OPINION**

March 30, 2022

BIBAS, *Circuit Judge*, sitting by designation.

In our federal system, judges often apply the laws of other states. When we do, we must predict the reasoning of the state supreme court. Earlier, I did just that, dismissing a few claims. Now two litigants ask me to reconsider my decision, citing a state appellate decision. But that decision does not bind me. And I think it is wrong. Since I predict the Supreme Court of California would agree, I deny their request.

## I. BACKGROUND

Owners of 2016 Chevrolet Camaros sued its maker, GM. The drivers say that their cars were damaged by defective heat shields. Two of them allege that GM breached its implied warranties under California's Song-Beverly Consumer Warranty Act. Cal. Civ. Code §§ 1790 et seq.

The Act regulates implied warranties. It says they last no "more than one year" after the sale of new goods. Cal. Civ. Code § 1791.1(c). For used goods, the Act caps the "duration" of those warranties at "no[] more than three months." *Id.* § 1795.5(c). For all goods, the Act says, consumers who seek reimbursement must give the manufacturers a reasonable number of chances to fix their product. *See id.* § 1791.1(d) ("[I]n any action brought under such provisions, Section 1794 of this chapter shall apply."); *id.* § 1794 ("[T]he rights of replacement or reimbursement [are] set forth in subdivision (d) of Section 1793.2."); *id.* § 1793.2(d) (requiring a "reasonable number" of chances to fix the product).

2

Earlier in this case, I read those two provisions to impose two requirements on the drivers: To sue, their cars had to fail within the warranty period. And they needed to give GM a reasonable number of chances to fix their cars. D.I. 47 at 16.

The drivers disagree. They cite a California state-court opinion that reads those provisions differently. *Mexia v. Rinker Boat Co.*, 95 Cal. Rptr. 3d 285, 290–91 (Ct. App. 2009). So they urge me to reconsider my earlier decision.

## II. MY EARLIER DECISION STANDS

This dispute turns on the meaning of California law, which I must apply. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). But because the Supreme Court of California has not weighed in, I must predict what it would do in my shoes. *Jewelcor Inc. v. Karfunkel*, 517 F.3d 672, 676 n.4 (3d Cir. 2008).

To aid my prediction, I look to California's appellate courts. *In re Makowka*, 754 F.3d 143, 148 (3d Cir. 2014). Decisions of those courts are mixed. In 2006, one barred a suit filed after the Act's one-year window. *Atkinson v. Elk Corp. of Texas*, 48 Cal. Rptr. 3d 247, 259–60 (Ct. App. 2006). But just a few years later, note the drivers, a different appellate court went the other way. *Mexia*, 95 Cal. Rptr. at 290–91. The *Mexia* Court held that manufacturers breach implied warranties when they *sell* products with latent defects, not when those defects appear. *Id.* at 290–91, 295. Thus, under *Mexia*, manufacturers are liable even if the defects emerge after the Act's time windows. The drivers argue forcefully that I should reconsider my earlier decision and apply *Mexia*.

But there are two problems with the drivers' argument. First, I am not bound by *Mexia*. True, I must give its holding "significant weight." *Jewelcor Inc.*, 517 F.3d at 676 n.4. But I can reach the opposite result if "persuasive data" suggest that the California Supreme Court would disagree with *Mexia*. *In re Makowka*, 754 F.3d at 148. I have that data here: the plain meaning of the Act's text. *See Meyer v. Sprint Spectrum L.P.,* 200 P.3d 295, 298 (Cal. 2009) ("If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs.").

That text says that "in no event shall" implied warranties last for more than a year (new goods) or three months (used goods). Cal. Civ. Code §§ 1791.1(c), 1795.5(c). No event means no event. Thus, if a product is "fit" during the relevant time window, there is no breach. Cal. Civ. Code § 1791.1(a), (a)(2), (b). Otherwise, the durational limits would be meaningless. After all, "[e]very defect that arises" years later could trace to an imperfection at the time of sale. *Grodzitsky v. Am. Honda Motor Co.*, 2013 WL 2631326, at *10 (C.D. Cal. June 12, 2013). Plus, the Act sets out different timelines for new and used consumer goods. But those distinctions make no sense if you can always sue a manufacturer over latent defects.

Second, *Mexia* is not exactly settled law. Weeks after it came down, a different California appeals court stressed that implied warranties are "not intended to guarantee [the] extended durability" of consumer products. *Larsen v. Nissan N. Am., Inc.*, 2009 WL 1766797, at *6 (Cal. Ct. App. June 23, 2009). So it dismissed a suit because the plaintiff's car "operated for four years without apparent problem[s]." *Id.* True,

4

*Larsen* is an unpublished opinion with "no precedential value under California law." *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1223 n.3 (9th Cir. 2015). Even so, I can consider it "as a possible reflection of California law." *Id.*

The *Larsen* Court is not alone. Consider the precedential opinion in *Jones v. Credit Auto Center, Inc.* 188 Cal. Rptr. 3d 578, 584 (Cal. App. Dep't Super. Ct. 2015). There, a lower court had dismissed an implied warranty claim because the alleged defect did not appear at sale. The *Jones* Court reversed, noting that "[t]he breach occurred when the latent defect came to light." *Id.* And that had happened "within the time period" provided by the Act. *Id.* Under *Larsen* and *Jones*, the drivers would lose if their cars became unfit outside of "the [Act's] time period." *Id.*; *see also Kreizenbeck v. Dan Gamel's Rocklin RV Ctr.*, 2011 WL 1457192, at *8 (Cal. Ct. App. Apr. 15, 2011).

To be sure, other California courts have followed *Mexia*. *See*, *e.g.*, *Petrosian v. Mercedes-Benz USA, LLC*, 2021 WL 1712641, at *8 (Cal. Ct. App. Apr. 30, 2021); *Simgel Co. v. Jaguar Land Rover N. Am., LLC*, 269 Cal. Rptr. 3d 364, 375–76 (Ct. App. 2020). *Mexia* is not a dead letter. But neither is it clearly settled. Indeed, *Mexia* represented a sea change in California's implied-warranty law. *Marchante v. Sony Corp. of Am.*, 801 F. Supp. 2d 1013, 1022 (S.D. Cal. 2011). So I may take it with a grain of salt.

The drivers fire back. They note that the Supreme Court of California denied review of the *Mexia* decision and declined to depublish it. *Mexia (Jess) v. Rinker Boat Co.,* 2009 Cal. LEXIS 9238, at *1 (Cal. Aug. 26, 2009). Point taken. But the "California Supreme Court's denial of review … is not tantamount to an affirmance." *Fire Ins. Exch. v. Abbott*, 251 Cal. Rptr. 620, 627 (Ct. App. 1988). The drivers also note that

5

the Ninth Circuit recently followed *Mexia*. *Daniel*, 806 F.3d at 1222. But when predicting California law, we are even less bound by the Ninth Circuit than we are by *California*'s appellate courts. Plus, the *Daniel* Court did not reckon with the precedential opinion in *Jones*. *See id.*

Thus, I predict the Supreme Court of California would agree with my interpretation. Under my reading of the Act, both drivers lose. The first does because she experienced the starter defect months after the Act's window closed. D.I. 22 Am. Compl. ¶¶ 25, 29; Cal. Civ. Code § 1795.5(c). And though the other driver's defect came within the warranty period, he loses too. D.I. 22 Am. Compl.¶¶ 36, 40. When the defect emerged, it did not render the car unfit. *Id.* He could still drive it to and fro. The car failed at its ordinary purpose only after the warranty window closed. *Id.* ¶ 46.

\* \* \* \* \*

I thank the parties for their thorough advocacy. Such efforts help courts faithfully apply the law. But because my earlier decision is the only one consistent with the statutory text, I decline to reconsider it.