IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHRIS TALLEY, *et al.*, individually
and on behalf of all others similarly situated,

        *Plaintiffs*,

v.

GENERAL MOTORS, LLC,

        *Defendant.*

No. 1:20-cv-01137-SB

---

Russell D. Paul, Amey J. Park, Abigail J. Gertner, BERGER MONTAGUE PC, Philadelphia, Pennsylvania; Kelly A. Green, SMITH, KATZENSTEIN, & JENKINS LLP, Wilmington, Delaware; Tarek H. Zohdy, Cody R. Padgett, Laura E. Goolsby, CAPSTONE LAW APC, Los Angeles, California.

*Counsel for Plaintiffs.*

Jody C. Barillare, MORGAN LEWIS & BOCKIUS LLP, Wilmington, Delaware; Oderah C. Nwaeze, FAEGRE DRINKER BIDDLE & REATH LLP, Philadelphia, Pennsylvania; Christine W. Chen, Crystal Nix-Hines, Shon Morgan, Meredith R. Mandell, QUINN EMANUEL URQUHART & SULLIVAN, LLP, Los Angeles, California.

*Counsel for Defendant.*

---

**MEMORANDUM OPINION**

February 7, 2023

BIBAS, *Circuit Judge*, sitting by designation.

Interlocutory appeals are rarely appropriate. This case is no exception. Plaintiffs ask me to send a question of California law up to the Third Circuit. But doing so will not "materially advance" the case. 28 U.S.C. § 1292(b). So I deny plaintiffs' motion to certify an interlocutory appeal.

I previously held that, to state a claim for breach of implied warranty under California's Song-Beverly Consumer Warranty Act, plaintiffs must give the manufacturer notice and a chance to fix the product within a year (new products) or three months (used products) of purchase. *See* D.I. 47; D.I. 61 (denying motion to reconsider). Because Plaintiff Franzen failed to plead that she had done so, I dismissed her claim. D.I. 47. I also dismissed Plaintiff Previti's claim, although he has since stipulated to the dismissal of all his claims with prejudice. *Id.*; D.I. 93.

Plaintiffs maintain that California law does not require notice and a chance to fix. So they ask me to certify my order dismissing Franzen's claim for interlocutory appeal. D.I. 64. A district court judge can certify an order when it (1) "involves a controlling question of law" (2) about which there is "substantial ground" for disagreement, and (3) immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The moving party carries the burden of proving that all three factors are met. *See, e.g.*, *Nat'l Liab. & Fire Ins. Co. v. Brimar Transit, Inc.*, 2021 WL 6098288, at *2 (W.D. Pa. Dec. 23, 2021). And even if the party proves all three, "permission to appeal is wholly within the discretion of the courts." *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976).

The first factor is clearly satisfied here. My resolution of this issue disposed of Franzen's implied-warranty claim. So it could result in a "reversal of a judgment after final hearing." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974).

The next factor is also satisfied. Though I think the plain text of the Song-Beverly Act compels my interpretation, I have already acknowledged that rulings from California appellate courts are "mixed." *See* D.I. 61 at 3. And the California Supreme Court has yet to weigh in. *See id.* at 6. Because even California courts cannot agree about this issue of California law, there are substantial grounds for disagreement.

But things hit a snag on the third factor. An interlocutory appeal will not "eliminate the need for trial," simplify trial, or make discovery easier and less costly. *Durr Mech. Constr., Inc. v. PSEG Fossil, LLC*, 2021 WL 1040510, at *3 (D.N.J. Mar. 18, 2021). The merits of the surviving claims will "not be resolved or clarified in any way" by immediate appeal; those claims do not turn on the disputed interpretation. *Ferreras v. Am. Airlines, Inc.*, 2017 WL 1709597, at *2 (D.N.J. May 1, 2017). Nor is the "dismissed claim … so different from the remaining claims that its presence or absence would materially change the course or scope of litigation." *Durr*, 2021 WL 1040510, at *3. Rather, Franzen's surviving fraud claim will trigger discovery on the key factual issue in her implied-warranty claim: whether her car was defective at the time of sale. So if the Third Circuit later reverses me, many if not all facts necessary to prove the implied-warranty claim will already be in the record. *Cf. id.* at *3.

Because plaintiffs have failed to carry their burden to show that immediate appeal will "materially advance" this litigation's conclusion, I deny their request for

4

interlocutory appeal. And because Previti has voluntarily dismissed his claims with prejudice, I dismiss as moot the request for interlocutory appeal and motion to enter final judgment on his claim.